# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Phillip Asher, ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Clarence Edwards Bowers; Lexington ) <br> County; Kevin Jones, *in his individual* ) <br> *capacity and official capacity as* ) <br> *Director of Lexington County Detention* ) <br> *Center*; Jay Koon, *in his individual* ) <br> *capacity and official capacity as Sheriff* ) <br> *of Lexington County*; and Unknown ) <br> John/Jane Doe(s), ) <br> ) <br>         Defendants. ) <br> _____) | Civil Action No. 0:20-cv-02032-TMC <br><br> **ORDER** |

      On May 29, 2020, Plaintiff Phillip Asher, proceeding *pro se*, brought this action against Defendants pursuant to 42 U.S.C. § 1983, alleging he suffered physical and emotional trauma when Defendants Lexington County, Detention Center Director Kevin Jones, Sheriff Jay Koon, and Unknown John/Jane Does failed to take reasonable measures to protect him from assaults by Defendant Clarence Edwards Bowers, a fellow inmate. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff participated in the litigation intermittently for about seven months, filing answers to Local Rule 26.01 Interrogatories (ECF No. 9) and a motion for extension of time to finish discovery (ECF No. 35) during that time. On October 25, 2021, Defendants Lexington County, Kevin Jones, and Jay Koon filed a joint motion for summary judgment. (ECF No. 57). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), setting forth the summary judgment standard and warning Plaintiff of the

potential implications if he failed to adequately respond. (ECF No. 59). The *Roseboro* order was mailed to Plaintiff at the address he provided the court, (ECF No. 60), and was not returned to the court as undeliverable. Despite the warning in the *Roseboro* order, however, Plaintiff filed no response to the summary judgment motion.

On December 7, 2021, after Plaintiff's time for filing a response to the summary judgment motion had expired, the court entered an order citing the previously-issued *Roseboro* order and reminding Plaintiff that his failure to respond to the summary judgment motion could result in an order granting the motion and terminating his case. (ECF No. 62). The court ordered Plaintiff to "advise the court as to whether he wishes to continue with this case and to file a response to the defendants' motion for summary judgment within fourteen (14) days from the date of this order. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute." *Id*. at 2. The clerk's office mailed the order to Plaintiff at the address he provided the court, (ECF No. 63), and the order was not returned to the court as undeliverable. Plaintiff filed no response to the order or to the summary judgment motion.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 65 at 2). Plaintiff was advised of his right to file objections to the Report. *Id*. at 3. Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party

2

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders. Plaintiff was specifically warned that his case would be subject to dismissal if he failed to respond to the motion for summary judgment or otherwise advise the court of his intention to continue the litigation. (ECF No. 59; 62). The court concludes that Plaintiff's lack of response to the summary judgment motion (ECF No. 57), court's order (ECF No. 62), or the Report (ECF No. 65) indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 65), and incorporates it herein. Accordingly, for the reasons set forth herein, this case is **DISMISSED with prejudice** pursuant to Rule 41(b) for failure to prosecute. Any pending motions are **DENIED** as moot. The clerk of court shall provide a filed copy of this order to Plaintiff at his most recent address supplied to the court.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 29, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.